UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA, | |
|---|---|
| -against- | 04 Cr. 1232 (LAP) |
| SHATEEK ANDREWS, | ORDER |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. Andrews' "Motion to set aside and vacate 18 U.S.C. 3664(k) Encumbrance on Defendant F.B.O.P. Trust Funds Account," (dkt. no. 112), and the Government's opposition, (dkt. no. 117). For the reasons set out below, the motion is denied.

I. **Background**

On January 12, 2006, the Defendant was convicted by a jury on five counts of Hobbs Act robbery. On August 30, 2006, the Court sentenced the Defendant to a term of 300 months' imprisonment and included a restitution order of $3,140 and a mandatory special assessment of $500. (Dkt. no. 47 at 1, 3, 7.) The original judgment required the Defendant to pay $25.00 per quarter or 50% of any monthly UNICOR earnings toward his restitution obligations and to pay 10% of his gross monthly income towards restitution beginning 30 days after his release from prison. (Id. at 4, 8.)

On January 3, 2007, the Defendant received $9,000 into his inmate account from the settlement of a civil lawsuit. (See dkt.

no. 62 at 2-3.) On October 29, 2007, the Government moved for an order modifying the restitution order and requiring immediate payment in full of the outstanding criminal judgment. (Dkt. no. 61.) After full briefing, for which the Defendant was represented by counsel, the Court granted the Government's motion and modified the restitution order to mandate payment in full of the outstanding restitution and distribution of the funds in the Defendant's prison account to the victims of his crimes. (Dkt. no. 76.) The Defendant then filed a motion for reconsideration, which the Court denied on December 10, 2010. (Dkt. no. 84.)

The Defendant has since filed multiple motions challenging the restitution order in this case on various grounds, (dkt. nos. 86, 90, 108), which the Court has repeatedly denied, (dkt. nos. 107, 111). More recently, on February 10, 2023, the Defendant filed a motion to "set aside and vacate" the encumbrance on his prison trust account which was imposed pursuant to the Court's restitution order. (Dkt. no. 112.) The Defendant's motion cites United States v. Taylor, 596 U.S. 845 (2022), and United States v. Chappelle, 41 F.4th 102 (2d Cir. 2022), and in an apparent argument that the restitution order in this case should be set aside because his convictions for Hobbs Act robbery no longer qualify as crimes of violence for which restitution is mandatory under 18 U.S.C. § 3663A(c)(1)(A)(i). (See dkt. no. 113

no. 62 at 2-3.) On October 29, 2007, the Government moved for an order modifying the restitution order and requiring immediate payment in full of the outstanding criminal judgment. (Dkt. no. 61.) After full briefing, for which the Defendant was represented by counsel, the Court granted the Government's motion and modified the restitution order to mandate payment in full of the outstanding restitution and distribution of the funds in the Defendant's prison account to the victims of his crimes. (Dkt. no. 76.) The Defendant then filed a motion for reconsideration, which the Court denied on December 10, 2010. (Dkt. no. 84.)

The Defendant has since filed multiple motions challenging the restitution order in this case on various grounds, (dkt. nos. 86, 90, 108), which the Court has repeatedly denied, (dkt. nos. 107, 111). More recently, on February 10, 2023, the Defendant filed a motion to "set aside and vacate" the encumbrance on his prison trust account which was imposed pursuant to the Court's restitution order. (Dkt. no. 112.) The Defendant's motion cites United States v. Taylor, 596 U.S. 845 (2022), and United States v. Chappelle, 41 F.4th 102 (2d Cir. 2022), and in an apparent argument that the restitution order in this case should be set aside because his convictions for Hobbs Act robbery no longer qualify as crimes of violence for which restitution is mandatory under 18 U.S.C. § 3663A(c)(1)(A)(i). (See dkt. no. 113

(construing the Defendant's motion to raise <u>Chappelle</u> and <u>Taylor</u> arguments regarding a "crime of violence").)[1]  For the reasons set out below, the Defendant's motion is denied.

## II. Discussion

First, to the extent that the Defendant is arguing that restitution in his case was improperly ordered because his convictions for Hobbs Act robbery no longer qualify as crimes of violence, the Court lacks jurisdiction over that challenge.  The Defendant's conviction and the restitution order in this case became final well over a decade ago, and the time for the Defendant to challenge the restitution order has long since expired.  Also, Defendant may not invoke 28 U.S.C. § 2255 as a basis for his motion.  It is well settled that "Section 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim the right to be released' from custody." <u>Kaminski v. United States</u>, 339 F.3d 84, 87 (2d Cir. 2003) (quoting <u>Blaik v. United States</u>, 161 F.3d 1341, 1343 (11th Cir. 1998)).  The Defendant cannot escape this rule by styling his motion as a "motion to set aside an encumbrance" on his BOP account, because

---

[1] The Defendant's motion also alleges that the Defendant was "illegally assaulted and battered" by prison guards.  (Dkt. no. 112.)  The Court of Appeals has denied the Defendant's request to file a successive motion under 28 U.S.C. § 2255 on that ground.  (<u>See</u> dkt. no. 127.)

3

the underlying basis for his motion is simply a challenge to the validity of the restitution order, not a challenge to the validity of any action taken by BOP pursuant to that order.

Second, even if the Court had jurisdiction to consider a challenge to the restitution order in this case, the Defendant's arguments would be meritless. The Defendant was charged and convicted on five counts of completed Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery. He argues that these robbery convictions are no longer "crimes of violence" in the wake of Taylor and Chappelle, but the Court of Appeals recently rejected that argument and reaffirmed its longstanding precedent that the substantive crime of Hobbs Act robbery is a crime of violence. See United States v. McCoy, 58 F.4th 72, 74 (2d Cir. 2023) ("[W]e see nothing in Taylor's language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence . . . .").

Finally, even if there were any lingering question whether Hobbs Act robbery is a crime of violence, that would be of no help to the Defendant here. Under 18 U.S.C. § 3663A(c)(1)(A)(ii), restitution is mandatory not only for crimes of violence but also for "offense[s] against property." Because Hobbs Act robbery involves "the unlawful taking or obtaining of personal property,"

4

18 U.S.C. § 1951(b)(1), it qualifies as an "offense against property," and restitution is independently mandatory on that basis. See United States v. Ely, No. 17-3081-cr, 2022 WL 763654, at *1 (2d Cir. Mar. 14, 2022) (summary order) (noting that "the District Court properly ordered . . . restitution for [the defendant's] substantive Hobbs Act robbery conviction because it qualifies as an offense against property and a crime of violence under the [Mandatory Victims Restitution Act]"); United States v. Schlifstein, No. 18 Cr. 217 (KMW), 2020 WL 2539123, at *2 (S.D.N.Y. May 19, 2020) (providing robbery as an example of a "typical offense against property" covered by 18 U.S.C. § 3663A(c)(3)(B)).

### III. Conclusion

For the reasons set out above, Mr. Andrews' motion pursuant to 18 U.S.C. § 3664(k), (dkt. no. 112), is denied. The Clerk of the Court shall mail a copy of this order to Mr. Andrews.

**SO ORDERED.**

Dated:   New York, New York
         June //, 2024

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge